1  Gregory L. Spallas, SBN 129306
   Shivani Sutaria, SBN 249942
2  PHILLIPS, SPALLAS & ANGSTADT LLP
   650 California Street, Tenth Floor
3  San Francisco, California 94108
   Tel:   (415) 278-9400
4  Fax:   (415) 278-9411

5  Attorneys for Defendant
   WAL-MART STORES, INC.

6

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9

10 CLEOPHAS WHITE.                      )  Case No.  CV 08-00843 PVT
                                        )
11          Plaintiff,                  )  DEFENDANT'S NOTICE OF MOTION
                                        )  AND MOTION TO DISMISS
12 v.                                   )  PLAINTIFF'S CAUSES OF ACTION
                                        )  FOR RACIAL HARASSMENT AND
13 WAL-MART STORES, INC.                )  DISCRIMINATION AND FRAUD AND
            Defendant.                  )  MEMORANDUM OF POINTS AND
14                                      )  AUTHORITIES IN SUPPORT --
                                        )  [FRCP 12(b)(5)]
15                                      )
                                        )  Accompanying Papers: [Proposed] Order
16                                      )  and Declaration of Dana Chau
                                        )
17                                      )  Hearing:    April 29, 2008
                                        )  Time:       10:00 a.m.
18                                         Courtroom:  Judge Trumbull

19

20

21

22

23

24

25

26

27

28

---

DEFENDANT'S MOTION TO DISMISS

| | TABLE OF CONTENTS | Page |
|---|---|---|
| I. | NOTICE OF MOTION | 3 |
| II. | MEMORANDUM OF POINTS AND AUTHORITIES | 3 |
| | A.   FACTUAL BACKGROUND | |
| | B.   LEGAL STANDARD | 3 |
| | C.   LEGAL ARGUMENT | 4 |
| | 1. Plaintiff's Service of Process upon Wal-Mart was Defective under FRCP 4(h). | 4 |
| | 2. Plaintiff's Service of Process upon Wal-Mart was Defective under Ninth Circuit Rules. | 4 |
| | 3. Plaintiff's Service of Process upon Wal-Mart was Defective under California Code of Civil Procedure Section 416.10. | 5 |
| | 4. Plaintiff's Complaint should be Dismissed Under FRCP 12(b)(5). | 6 |
| | D.   CONCLUSION | 6 |

TABLE OF AUTHORITIES

**CASES**

*Brockmeyer v. May,* ............................................................................................. 3
383 F.3d 798, 801 (9th Cir. 2004).

*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,* ............................. 4
840 F.2d 685, 688 (9th Cir. 1988).

*Stevens v. Security Pacific National Bank,* .......................................................... 3
538 F.2d 1387, 1389 (9th Cir. 1986)

**STATUTES**

Fed. R. Civ. P. 4(h) ............................................................................................. 4, 5, 6

Fed. R. Civ. P. 12(b)(5) ...................................................................................... 3, 6

Cal. Civ. Proc. Code Section 416.10 ................................................................... 4, 5, 6

**DEFENDANT'S MOTION TO DISMISS**

## I. NOTICE OF MOTION

Please take notice that Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant") hereby moves this Court for an Order dismissing Plaintiff's Complaint ("Complaint") for insufficient service of process to a corporation. This motion is set for hearing on April 29, 2008 at 10:00 a.m. in Courtroom 5 before the Honorable Judge Trumbull and is based on the following Memorandum of Points and Authorities and Accompanying papers.

Defendant seeks dismissal of Plaintiff's Complaint for insufficient service of process. The Complaint is subject to dismissal under Federal Rules of Civil Procedure ("FRCP") 12(b)(5) because Plaintiff Cleophas White ("Plaintiff" or "White") failed to properly serve process on Wal-Mart, a corporation.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. FACTUAL BACKGROUND

On February 7, 2008, Plaintiff filed a Complaint against Wal-Mart asserting two causes of action (1) Harassment and Racial Discrimination and (2) Fraud. Plaintiff was a customer of Wal-Mart store #5435 in San Jose, California and his causes of action arise from an alleged incident that occurred at that Wal-Mart store and the subsequent internal investigation into the incident. On February 28, 2008, Plaintiff improperly served Defendant the Summons and Complaint.

### B. LEGAL STANDARD

FRCP 12(b)(5) grants the court broad discretion to dismiss an action, or in the alternative, quash service of process, based on the insufficiency of service of the Complaint and Summons on a defendant. *Stevens v. Security Pacific National Bank*, 538 F.2d 1387, 1389 (9th Cir. 1986) A Rule 12(b)(5) Motion is properly brought when plaintiff fails to comply with the provisions of FRCP 4(d-m). The burden to prove the validity of service is on the plaintiff who is claiming proper service has been effected. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

//
//
//

//

## C. LEGAL ARGUMENT

### 1. Plaintiff's Service of Process upon Wal-Mart was Defective under FRCP 4(h).

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. Pro. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). FRCP 4(h) governs service upon a corporation. Service must be done by delivering a copy of the summons and complaint to *"an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process* and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant."

Plaintiff attempted to serve Wal-Mart, a corporation incorporated under the laws of the State of Delaware and with its principal place of business in the State of Arkansas, on February 28, 2008. Deputy U.S. Marshall Tim Shobar served Plaintiff's Complaint and Summons to the Pharmacy Department of Wal-Mart store #5435 in San Jose, California. U.S. Marshall Shobar went directly to the Pharmacy counter and identified himself to the Wal-Mart employee who happened to be standing at the counter, Pharmacist Dana Chau. The Complaint and Summons were handed to Ms. Chau. U.S. Marshall Shobar did not ask for a manager or supervisor or even the position or name of Ms. Chau upon handing her the documents.

Ms. Chau is an hourly store employee. She is not a Wal-Mart officer, executive or any level of management. She is not authorized by appointment or law to receive service of process for Wal-Mart, and even if she was, such information was not ascertained by the U.S. Marshall to ensure proper service of process. Thus, Plaintiff's service of process to Ms. Chau was improper under FRCP 4(h).

### 2. Plaintiff's Service of Process upon Wal-Mart was Defective under Ninth Circuit Rules.

The Ninth Circuit also allows for service of process on corporations to be made to: 1) an individual who holds a position that indicates authority within the organization; or 2) who is so integrated within the organization that he or she will know what to do with the papers. *Direct Mail Specialists* at 688. Plaintiff's service of process failed to also satisfy the Ninth Circuit's additional

allowance of who in a corporation can properly receive service of process. Ms. Chau's Pharmacist position did not indicate in any way that she was an individual who held a position of authority within the overall Wal-Mart organization. Wal-Mart is an organization with over 4000 facilities in the United States, including over 170 in California. It employs over 1.3 million employees in the nation, approximately 72,000 of whom work in California. Ms. Chau is one employee in the vast Wal-Mart organization. Moreover, even within Wal-Mart store #5435, Ms. Chau was not a member of management who held a position of authority. Her name tag did not reflect otherwise. In sum, within the Wal-Mart organization or even within the subject store, Ms. Chau's Pharmacist position did not indicate that she was an individual who held a position of authority, and thus she could not receive service of process for Wal-Mart.

Ms. Chau is not so integrated within Wal-Mart that she knew what to do with the court papers upon being served. Ms. Chau is a "traveling" Pharmacist who works at different Wal-Mart stores. Her sole job responsibility is to fill prescriptions and dispense information and advice to customers. In her job, she has not encountered being served with court papers nor has she been trained on the issue. Furthermore, her job does not place her in a position to interact on a regular basis with the Store Manager or Wal-Mart management above the store level. She would not have occasion to interact with Wal-Mart executives located at its principal place of business in Arkansas. As such, Ms. Chau was not integrated within Wal-Mart in a manner that made her aware of the protocols to follow upon being served with court papers.

In sum, Plaintiff failed to satisfy proper service of process under the Ninth Circuit rules.

### 3. Plaintiff's Service of Process upon Wal-Mart was Defective under California Code of Civil Procedure Section 416.10.

FRCP 4(h) also allows service upon a corporation to be effected pursuant to California state law. California Code of Civil Procedure Section 416.10 allows a corporation to be served by delivering copies of the summons "to the person designated as agent for service of process," or "to the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process."

1  //

2      Ms. Chau was not the person designated as an agent for service of process, and there was nothing from her position or interaction with the U.S. Marshall to indicate that she was. Ms. Chau, a Pharmacist, did not hold any of the positions that California allows for service of process; she was not Wal-Mart's president, chief executive officer, head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process. Thus, Plaintiff failed to satisfy proper service of process under California law.

### 4. Plaintiff's Action should be Dismissed under FRCP 12(b)(5).

    As argued above, service of process to a Pharmacist standing at the Pharmacy Department counter of Wal-Mart Store #5435 was improper under federal and California law. Due to Plaintiff's failure to comply with FRCP 4(h) and California Code of Civil Procedure Section 416.10 regarding service of process upon corporations, Plaintiff's action should be dismissed pursuant to FRCP 12(b)(5). In the alternative, Plaintiff's service of process should be quashed.

### D.   CONCLUSION

    Plaintiff's action against Wal-Mart should be dismissed, or service of process should be quashed, pursuant to FRCP 12(b)(5). Plaintiff's method of service of process failed to comply with federal and California rules of civil procedure. For all of the reasons set forth above, Defendant respectfully requests entry of the accompanying [Proposed] Order.

Date: March 19, 2008

By: _____
Greg L. Spallas, Esq.
Shivani Sutaria, Esq.
Attorneys for DEFENDANT
WAL-MART STORES, INC.