1  **Gregory L. Spallas, SBN 129306**
   **Shivani Sutaria, SBN 249942**
2  PHILLIPS, SPALLAS & ANGSTADT LLP
   650 California Street, Tenth Floor
3  San Francisco, California 94108
   Tel:    (415) 278-9400
4  Fax:    (415) 278-9411

5  Attorneys for Defendant
   WAL-MART STORES, INC.

6

7

8                 **UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10  CLEOPHAS WHITE.                     | Case No.  CV 08-00843 JF

11              Plaintiff,              | **DEFENDANT WAL-MART STORES,**
                                        | **INC.'S MEMORANDUM OF POINTS AND**
12  v.                                  | **AUTHORITIES IN SUPPORT OF ITS**
                                        | **OPPOSITION TO PLAINTIFF'S MOTION**
13  WAL-MART STORES, INC.               | **FOR DEFAULT JUDGMENT**

14              Defendant.

15                                       | **Date:  June 6, 2008**
                                         | **Time: 9:00 a.m.**
16                                       | **Courtroom:  3**
                                         | **Judge: Honorable Jeremy Fogel**
17

18

19       Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant") by and through its attorneys,

20  Phillips, Spallas & Angstadt LLP respectfully submits the following memorandum of points and

21  authorities in support of its Opposition to Plaintiff's Motion for Default Judgment.   For the reasons

22  set forth below, Wal-Mart respectfully requests that the court deny Plaintiff's Motion for Default

23  Judgment.

24       **I.       INTRODUCTION AND PROCEDURAL HISTORY**

25       This Opposition arises out of receipt of Plaintiff's Motion for Default Judgment ("Motion")

26  served on Defendant on April 28, 2008 and filed with the court on May 2, 2008.   Plaintiff argues in

27  his Motion that Defendant failed to Answer Plaintiff's Complaint ("Complaint") [attached hereto as

28  **Exhibit A**] within 30 days of service.

On February 7, 2008, Plaintiff filed a Complaint against Wal-Mart asserting two causes of action (1) Harassment and Racial Discrimination and (2) Fraud. Plaintiff was a customer of Wal-Mart store #5435 in San Jose, California. Plaintiff's purported causes of action arise from an alleged incident that occurred at that Wal-Mart store and the subsequent internal investigation into the incident. On February 28, 2008, Plaintiff arranged for service of the summons and complaint to an hourly Wal-Mart associate at the San Jose, California Wal-Mart store. Such service was improper on Defendant under the Federal Rules of Civil Procedure ("FRCP") 4(d-m) as it is a corporation incorporated under the laws of the State of Delaware and with its principal place of business in the State of Arkansas.

Even though Defendant was improperly served, it filed a responsive pleading on March 19, 2008, which is within 20 days of when the summons and complaint was delivered to its store. [Court's Case Docket is attached hereto as **Exhibit B**]. Defendant's responsive pleading was a Motion to Dismiss under FRCP 12(b)(5) for insufficient service of process to a corporation [attached hereto as **Exhibit C**]. As this case was subject to Electronic Case Filing ("ECF"), Defendant e-filed the Motion to Dismiss and its accompanying papers with the court, and believed it simultaneously e-served the Motion on Plaintiff. The Motion to Dismiss hearing date is set for June 13, 2008 at 9:00 a.m. before Judge Jeremy Fogel.

On April 18, 2008, Defendant realized that Plaintiff was not registered with ECF and was not being e-served, and thus Defendant served by mail all documents Defendant had previously e-filed with the court, including the Motion to Dismiss and its accompanying papers [Letter and Proof of Service is attached hereto as **Exhibit D**]. The June 13, 2008 hearing date for the Motion to Dismiss remained not less than 35 days after service of the motion.

## II.    <u>LEGAL ARGUMENT</u>

1. <u>PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT AND THEREBY CANNOT GRANT A DEFAULT JUDGMENT</u>

If a person or entity was not properly served with the summons and complaint, the court lacks personal jurisdiction over the party. *See Direct Mail Specialists, Inc. v. Eclat Computerized*

1  *Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). ("A federal court does not have jurisdiction

2  over a defendant unless the defendant has been properly served under Fed.R.Civ.P.4"). As a general

3  rule, a default judgment is improper if the party against whom default is sought was never properly

4  served or…if the court lacked jurisdiction over the parties..." *Walker & Zanger (West Coast) Ltd. V.*

5  *Stone Design S.A.*, 4 F. Supp. 2d 931, 934 (C.D. Cal. 1997).

6        Plaintiff failed to properly serve Wal-Mart, a corporation, pursuant to FRCP 4(h) which

7  requires service upon a corporation be made to "*an officer, a managing or general agent, or any other*

8  *agent authorized by appointment or by law to receive service of process* and — if the agent is one

9  authorized by statute and the statute so requires — by also mailing a copy of each to the defendant."

10  FRCP 4(h) also allows service upon a corporation to be effected pursuant to California state law.

11  California Code of Civil Procedure Section 416.10 allows a corporation to be served by delivering

12  copies of the summons "to the person designated as agent for service of process," or "to the president,

13  chief executive officer, or other head of the corporation, a vice president, a secretary or assistant

14  secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or

15  a person authorized by the corporation to receive service of process."

16        Plaintiff attempted to serve Wal-Mart on February 28, 2008 by handing the complaint and

17  summons to an hourly store employee. This store employee was not a Wal-Mart officer, executive or

18  any level of management. She is not authorized by appointment or law to receive service of process

19  for Wal-Mart.

20        Since Plaintiff's service of process was improper under FRCP 4(h), the court lacks personal

21  jurisdiction over Wal-Mart at this time. Thus, the court cannot hold Wal-Mart in default as it is not

22  yet a party to this action.

23
    2.  <u>PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE DEFENDANT HAS</u>

24  <u>DEMONSTRATED ITS INTENT TO DEFEND THE ACTION.</u>

25
      If a party has filed an answer or has otherwise indicated its intent to defend the action, a

26  default judgment is not appropriate. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies,*

27  *Inc.*, 840 F.2d 685, 689 (9th Cir. 1998). Wal-Mart filed a responsive pleading directly in response to

28

1  Plaintiff's Complaint through a Motion to Dismiss under FRCP 12(b)(5).  This responsive pleading

2  demonstrated Wal-Mart's intent to defend the action as it is attempting to have the matter dismissed.

3        In addition to the Motion to Dismiss, Defendant has filed with the court a Declination to

4  Proceed before Magistrate Judge, Reply to Plaintiff's Ex Parte Motion for Preservation of Evidence,

5  and a Motion to Continue the Case Management Conference.   All of these court filings establish Wal-

6  Mart's intent to defend the action, and thus a default judgment would be improper.  Plaintiff should

7  have received copies of these documents on or about April 21, 2008, thereby  placing him on notice of

8  Wal-Mart's intent to defend this action.  Thus, the instant motion by plaintiff is clearly meant for no

9  other reason than to harass and annoy defendant Wal-Mart and plaintiff should be admonished

10  appropriately.

11       3.  <u>PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE DEFENDANT</u>

12          <u>MISTAKENLY BELIEVED PLAINTIFF WAS BEING SERVED THROUGH ECF</u>

13

14        "On motion and just terms, the court may relieve a party or its legal representative from a

15  final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or

16  excusable neglect." FRCP 60(B)(1).  In this case, Wal-Mart's delayed service of its responsive

17  pleading upon Plaintiff  rises to the level of excusable mistake.  Defendant mistakenly believed that

18  Plaintiff was registered with ECF.   Wal-Mart believed in good faith that Plaintiff was being e-served

19  upon Defendant's filing of documents with the court through ECF.  Upon realization that Plaintiff

20  was not registered with ECF, Defendant immediately took corrective action by serving all documents

21  on Plaintiff through U.S. Mail on April 18, 2008.  In this case, justice requires a default judgment not

22  be entered upon Wal-Mart based on its mistaken belief of Plaintiff's registration with ECF and his

23  ability to be e-served.

24       4.  <u>PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFF'S MOTION</u>
        <u>FOR DEFAULT JUDGMENT FAILED TO COMPLY WITH LOCAL RULES FOR</u>

25          <u>MOTION PRACTICE</u>

26

27        United States District Court, Northern District of California Local Rule for Civil Practice 7-

28  5(a) on "Affidavit or Declaration" in support of a motion states that "factual contentions made in

1  support of or in opposition to any motion must be supported by an affidavit or declaration and by

2  appropriate references to the record." Plaintiff failed to file and serve an affidavit or declaration along

3  with his Motion for Default Judgment. Thus, Plaintiff's Motion for Default Judgment should be

4  denied for his lack of compliance with the Local Rule for Civil Practice.

5  ### III.    CONCLUSION

6     For the foregoing reasons, Wal-Mart now respectfully moves this Honorable Court to deny

7  Plaintiff's Motion for Default Judgment because justice requires Wal-Mart be granted an opportunity

8  to participate in this litigation. Wal-Mart's counsel has presented competent evidence that a default

9  judgment would be improper because the court lacked personal jurisdiction over Wal-Mart due to

10  Plaintiff's improper of service of process, Wal-Mart demonstrated its intent to defend this action,

11  Wal-Mart mistakenly believed Plaintiff was being served through ECF, and Plaintiff failed to comply

12  with local rules for motion practice.

13

14  **DATED**: May 13, 2008       **Respectfully submitted,**

           **PHILLIPS, SPALLAS & ANGSTADT LLP**

15

16

17             Gregory E. Spallas

           Shivani Sutaria

18             Attorneys for Defendant

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY MAIL

### Cleophas White v. Wal-Mart Stores, Inc.

### Court Case No.: 5:08-cv-00843-JF

I, the undersigned, declare:

That I am employed in the City and County of San Francisco, State of California; that I am over the age of eighteen years and not a party to the within cause; that my business address is 650 California Street, Tenth Floor, San Francisco, California 94108.

That on May 13, 2008, I served the within:

**1)    DECLARATION OF SHIVANI SUTARIA IN SUPPORT OF DEFENDANT WAL-MART STORES, INC.'S OPPOSITION TO PLAINTIFF'S DEFAULT JUDGMENT**

**2)    DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**3)    [PROPOSED] ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

on the parties listed in said cause by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the outgoing mail box located in my office addressed as set forth below in accordance with ordinary business practices for deposit with the United State Postal Service in San Francisco, California. I am readily familiar with my office business practice for collection and processing of correspondence for mailing and the within correspondence will be deposited with the United States Postal Service this date in the ordinary course of business.

Cleophas White
1400 "A" Street #51
Sacramento, CA 95811
T: (916) 856-4360

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 13, 2008, at San Francisco, California.

Joseph Clark

# Exhibit A

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

CLEOPHAS WHITE

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  CV 08-00843 PVT

v.

WALMART STORES, INC.

RECEIVED

MAR 0 5 2008

Employment Litigation

TO:

WAL MART STORES, INC.
777 STORY ROAD

SAN JOSE, CA 95122


**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

**Cleophas White
820 Willow Street
#148
San Jose, CA 95125-2386**


an answer to the complaint which is herewith served upon you, within **20**  days after service of this summons upon you, exclusive
of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.
You must also file your answer with the Clerk of this Court within a reasonable period of time after service.


Richard W. Wieking
CLERK

February 14, 2008
DATE


Betty Walton
 (BY) DEPUTY CLERK

CLEOPHAS WHITE

820 WILLOW ST #148
SAN JOSE CA.   95125
916 856-4360

FILED

2008 FEB -7 A 9:22

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA. S.J.

IN PRO PER

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE, CALIFORNIA, SANTA CLARA COUNTY

CLEOPHAS WHITE,
   PLAINTIFF.                    )
                                 )
        vs.                      )
WAL MART STORES, INC.            )
                                 )
   DEFENDANTS.                   )

CASE NUMBER
CAUSE OF ACTION
1. HARASSMENT AND RACIAL
   DISCRIMINATION
2. FRAUD

C08   00843 PVT

At all time mentioned herein Wal Mart the Defendant was operating a Store
on Story Road in San Jose, California.

   The incident between Plaintiff, Cleophas White, and Wal Mart which
cause me to file this lawsuit, took place at their Story Road Store, in
San Jose California. Plaintiff alleges that the defendant committed FRAUD.

   Plaintiff alleges Harassment and  Racial Discrimination against the
Defendant, and decrimination in their hiring practices, at this Store.

   Since the incident took place in San Jose, California and it involve
Racial Discrimination which is under the exclusive Jurisdiction of
Federal Courts.

   This Court has Proper Jurisdiction.

                        WHITE V. WAL MART
                                1

1    PLAINTIFF ALLEGES HIS FIRST CAUSE OF ACTION:

2    HARASSMENT AND RACIAL DISCRIMINATION:

3

4    On or about 12-6-07, I went into Wal Mart's Store on Story Road in San

5    Jose,California, at about 9:15 a.m. and dropped off 2 prescriptions to be

6    filled at their Pharmacy.Both prescriptions had been written by the same

7    Doctor on the same date at the same time, they were filled in different

8    places before  because one ran out before the other did.

9        The  lady  who  excepted my prescriptions,I believed she was  the

10   pharmacist,she happen to be Asian. One prescription was for High Blood

11   Pressure, the other for prostrate problems. She told me I could pick up

12   my prescriptions in about 30 minutes.

13       My Prostate prescription had been filled at WalMart before. My Blood

14   Pressure prescription had been filled at a competitors store (Rite Aid

15   Drug Store in Sacramento, California).

16       When I returned in about half an hour to pick up my prescriptions.The

17   pharmacist informed me that she had filled my prostate prescription only

18   . She said she couldn't fill my Blood Pressure prescription from Rite Aid

19   Drug Stores, because    the phone number had been disconnected,so she

20   couldn't get my prescription from them. She stated that I needed to get a

21   new phone number for this store in order for her to help me.

22       I ask why she didn't just call information and get the phone number

23   of a Rite Aid Store, they are a National Chain, any one of their Stores

24   could have supplied her with this information from their Computers. Or

25   call my Doctors office since her store had his information as well.

26       Up until this point she had been speaking English perfectly well. Now

27   she started speaking in broken English, and pretending that she couldn't

28                WHITE V. WAL MART

                              2.

1  understand what I was asking her.And repeating that Rid Aid Drug Store

2  phone number was disconnected.

3      I next told her to forget the Blood Pressure prescription, I'd just

4  take the Prostate Prescription. She directed me to the cashier at the end

5  of Counter who had been standing and listening to our conversation, she

6  also just happened to be Asian.

7      I showed her my drivers license to I.D.  myself   and   pick up my

8  prescription. She informed me that I couldn't have my prescription unless

9  I could verify my home address.  The prescription bottle had Homeless

10  written  in  the address space. I allege this would be Discrimination

11  against the Homeless.

12  HUMILIATED, I left the Store.

13      I went outside to my car and called the Rite Aid Drug Store Pharmacy

14  using the phone number off the prescription bottle that I had given the

15  Wal Mart Pharmacist, the phone number was  good, I got right through, it

16  was not disconnected as she had stated.

17      When I took my prescription to Target Store's Pharmacy to fill my

18  Prostate Prescription, they called Wal Mart to get the prescription from

19  them and was told they couldn't find my prescription, because it had been

20  transferred to another one of their stores and they had no record of

21  which one it was. So I couldn't get my prescription filled.

22

23  CONCLUSION

24

25      I allege that the Pharmacist lied to me on purpose when she said Rite

26  Aid's phone number was disconnected.

27

28                        WHITE V. WAL MART
                              3.

1        I allege that she did this to Harass me,and not serve me because I

2    was Black and Homeless.This was Harassment and Racial Discrimination.

3        I allege that when the cashier refused to give my prescription

4    even though I had proper I.D. she did so to Harass me. Because I was

5    Black and Homeless.

6        I allege that when the Pharmacist from target Stores contacted Wal

7    Mart Pharmacy to get my prescription from them. And was told it had been

8    transferred to another one of the stores but they didn't know which

9    one.They were lying. They lied for the purpose of Harassing me because I

10   was Black and Homeless.

11       I allege that Wal Mart Store on Story Road in San Jose is engaged in

12   Racial Discrimination against Black People in their hiring practices for

13   clerks and Managers,at this Store.

14       For about 30 days Wal Mart claimed to be investigating my Complaint,

15   when in fact they were trying to cover the whole incident up.

16       I allege that when I showed the Wal Mart Cashier my I.D. to Identify

17   myself,and she refused to give the prescription because my other bottle

18   from Rite Aid Drug Stores listed me as Homeless in the Address space.

19       I allege this was Discrimination against the Homeless.

20       am I to understand that Wal Mart will not fill the prescriptions for

21   the Homeless even with proper I.D as I had ?

22       The behavior of Wal Mart's employees was Harassing , Racist,

23   Discriminatory, and OUTRAGEOUS. And it was all done on purpose.

24

25

26

27

28                          WHITE V. WAL MART
                                   4.

SECOND CAUSE OF ACTION:

I allege that Wal Mart is engaged in Defrauding Customers who sue them, of their Legal Right to Due Process, by Destroying the evidence against them.

I allege that they sandbag anyone who sues them by stalling, claiming that they need to conduct a long investigation. And destroying evidence against them while this investigation is being conducted (more Fraud).

The incidents of my being Harassed and Discriminated against were video taped by Wal Mart, on 12-6-07 the date of the incident.

The Court must view this tape and read the transcript, it is the best evidence of what happened and what was said by the parties.

On or about 12-6-07 I complained to Wal Mart about being Harassed and Discriminated against by their employees. I informed them that they were going to be sued.

Shortly thereafter I received a call from a woman who identified herself as Jennifer Santos . She stated that she had been charged with viewing the tapes of what happened and speaking to the parties who were involved. She requested that I give her my statement of facts, and at the end of a weeks time we would get together,view the tape and see if we could resolves the problem. Based on this statement I agreed.

I ask if the tapes had sound she said she didn't know, but if they didn't there would be a transcript made.

WHITE V. WAL MART

5.

1     In about a week she called me back and stated that she couldn't

2     discuss this case with me, nor could I view the tape.

3         I allege that Ms Santos knowingly lied to me when she told

4     me that she would allow me to view the tape in a weeks time.

5         I allege that I would never have given Wal Mart my

6     Statement of Facts, but for her promise that they would show me

7     the tape and their employees statements. I allege that they

8     committed Fraud.

9         During this same call she informed me that the taped

10    transcript, and all other documents were being forwarded to

11    their home office for farther investigation. And that I would

12    be contacted by someone with more authority. If their employees

13    did nothing wrong then why would more investigation be

14    necessary ? I allege this is an admission of guilt.

15        On or about 1-4-08, I received a call from a man

16    identifying himself as Emanuel Rohoni.

17        He informed me that their investigation was complete

18    . He stated that while their employees behavior may have been

19    improper, he didn't feel that they should be fired. Another

20    Admission of guilt.

21        I asked him what their punishment would be he said he

22    couldn't tell me that.

23        I allege that Wal Mart is engaged in a cover-up, they lied

24    to me for the purpose of gaining an unfair legal advantage.

25    They are wrong when they say their employees did nothing to be

26    fired for. They broke the law when they Harassed and

27    Discriminated against me.

28                         WHITE V. WAL MART

                               6.

01-05-2008 16:35   MIKE 12053390812                                    PAGE 14

1

2        I allege that Wal Mart is intentionally perverting the

3    truth, attempting to hide the facts, making false

4    representations of the facts. All for the purpose of trying to

5    justify their employees Racist,Harassing, Discriminatory

6    behavior. I allege these are all acts of Fraud.

7

8    THEREFORE, Plaintiff Prays the Court award him $200,000 in Damages for

9    Harassment, Racial Discrimination and Job Discrimination against Black

10   People at this Store. Their employment records will prove it. And Fraud.

11

12                          *Signed,*

13                           CLEOPHAS WHITE

14                           DATED 1/29/08

15

16

17

18

19

20

21

22

23

24

25

26

27

28                  WHITE V. WAL MART

                         .7.

Exhibit B

ADRMOP, E-Filing, ProSe

## U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:08-cv-00843-JF

White v. Wal-Mart Stores, Inc.                      Date Filed: 02/07/2008
Assigned to: Hon. Jeremy Fogel                      Jury Demand: None
Referred to: Magistrate Judge Patricia V. Trumbull  Nature of Suit: 443 Civil Rights:
Cause: 28:1331 Federal Question: Other Civil Rights  Accomodations
                                                     Jurisdiction: Federal Question

### Plaintiff

**Cleophas White**                    represented by  **Cleophas White**
                                                      820 Willow Street
                                                      #148
                                                      San Jose, CA 95125
                                                      916-856-4360
                                                      PRO SE

V.

### Defendant

**Wal-Mart Stores, Inc.**             represented by  **Gregory Louis Spallas**
                                                      Phillips Spallas & Angstadt LLP
                                                      650 California Street
                                                      10th Floor
                                                      San Francisco, CA 94108
                                                      415-278-9400
                                                      Fax: 415-278-9411
                                                      Email: gspallas@psalaw.net
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Shivani Sutaria**
                                                      Phillips Spallas & Angstadt LLP
                                                      650 California Street
                                                      10th Floor
                                                      San Francisco, CA 94108
                                                      415-278-9400
                                                      Fax: 415-278-9411
                                                      Email: ssutaria@psalaw.net
                                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |

| 02/07/2008 | 1 | COMPLAINT for Harrassment, Racial Discrimination and Fraud (NO PROCESS); IFPP, against Wal-Mart Stores, Inc. Filed by Cleophas White. (bw, COURT STAFF) (Filed on 2/7/2008) (Entered: 02/07/2008) |
|---|---|---|
| 02/07/2008 | 2 | MOTION for Leave to Proceed in forma pauperis filed by Cleophas White. (bw, COURT STAFF) (Filed on 2/7/2008) (Entered: 02/07/2008) |
| 02/07/2008 | 3 | ADR SCHEDULING ORDER: Case Management Statement due by 5/20/2008. Case Management Conference set for 5/27/2008 02:00 PM. (bw, COURT STAFF) (Filed on 2/7/2008) (Entered: 02/07/2008) |
| 02/11/2008 | 4 | ORDER by Judge Patricia V. Trumbull granting 2 Motion for Leave to Proceed in forma pauperis and that the Clerk issue summons. It is further ordered that the U.S. Marshal for the Northern District of California serve, without prepayment of fees, a copy of the complaint, any amendments, scheduling orders, attachments, plaintiff's affidavit and this order upon the defendant. (bw, COURT STAFF) (Filed on 2/11/2008) (bw, COURT STAFF). (Entered: 02/12/2008) |
| 02/14/2008 | | Summons Issued as to Wal-Mart Stores, Inc. (bw, COURT STAFF) (Filed on 2/14/2008) (Entered: 02/14/2008) |
| 02/15/2008 | 5 | Letter from Plaintiff Cleophas White regarding Brief Case History. (bw, COURT STAFF) (Filed on 2/15/2008) (Entered: 02/19/2008) |
| 03/06/2008 | 6 | SUMMONS Returned Executed by Cleophas White. Wal-Mart Stores, Inc. served on 2/28/2008, answer due 3/19/2008. (bw, COURT STAFF) (Filed on 3/6/2008) (Entered: 03/07/2008) |
| 03/19/2008 | 7 | MOTION to Dismiss filed by Wal-Mart Stores, Inc.. Motion Hearing set for 4/29/2008 10:00 AM in Courtroom #5, 4th Floor, San Jose. (Spallas, Gregory) (Filed on 3/19/2008) (Entered: 03/19/2008) |
| 03/19/2008 | 8 | Declaration of Dana Chau in Support of 7 MOTION to Dismiss filed byWal-Mart Stores, Inc.. (Related document(s) 7 ) (Spallas, Gregory) (Filed on 3/19/2008) (Entered: 03/19/2008) |
| 03/19/2008 | 9 | Proposed Order re 7 MOTION to Dismiss by Wal-Mart Stores, Inc.. (Spallas, Gregory) (Filed on 3/19/2008) (Entered: 03/19/2008) |
| 03/20/2008 | 10 | Declaration of Dana Chau in Support of 8 Declaration in Support, 7 MOTION to Dismiss *(signed)* filed byWal-Mart Stores, Inc.. (Related document(s) 8 , 7 ) (Spallas, Gregory) (Filed on 3/20/2008) (Entered: 03/20/2008) |
| 03/21/2008 | 11 | Declination to Proceed Before a U.S. Magistrate Judge by Wal-Mart Stores, Inc.. (Spallas, Gregory) (Filed on 3/21/2008) (Entered: 03/21/2008) |
| 03/24/2008 | 12 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT. Case Management Statement due by 5/23/2008. Case Management Conference set for 5/30/2008 10:30 AM Before the Honorable Jeremy Fogel. (cm, COURT STAFF) (Filed on 3/24/2008) (Entered: 03/24/2008) |
| 03/24/2008 | 13 | ORDER REASSIGNING CASE. Case reassigned to District Judge Jeremy Fogel for all further proceedings and Magistrate Judge Patricia V. Trumbull for |

| | | all discovery matters. Signed by The Executive Committee on 03/24/08. (tsh, COURT STAFF) (Filed on 3/24/2008) (Entered: 03/24/2008) |
|---|---|---|
| 04/03/2008 | 14 | Renotice motion hearing filed byWal-Mart Stores, Inc.. Motion Hearing set for 6/13/2008 09:00 AM. (Sutaria, Shivani) (Filed on 4/3/2008) (Entered: 04/03/2008) |
| 04/14/2008 | 15 | ORDER RE PLAINTIFF'S EX PARTE MOTION FOR PRESERVATION OF EVIDENCE. Signed by Judge Patricia V. Trumbull on April 14, 2008. (pvtlc2, COURT STAFF) (Filed on 4/14/2008) (Entered: 04/14/2008) |
| 04/15/2008 | 16 | Response to 7 MOTION to Dismiss filed byCleophas White. (gm, COURT STAFF) (Filed on 4/15/2008) (Entered: 04/16/2008) |
| 04/22/2008 | 17 | Reply Memorandum filed byWal-Mart Stores, Inc.. (Sutaria, Shivani) (Filed on 4/22/2008) (Entered: 04/22/2008) |
| 04/22/2008 | 18 | MOTION to Continue *Case Management Conference and Proposed Order* filed by Wal-Mart Stores, Inc.. Case Management Conference set for 5/30/2008 10:30 AM. (Sutaria, Shivani) (Filed on 4/22/2008) Modified on 4/25/2008 (dlm, COURT STAFF). (Entered: 04/22/2008) |
| 04/25/2008 | 19 | ORDER GRANTING re 18 MOTION to Continue *Case Management Conference. Case Management Conference set for 6/13/2008 at 09:00 AM. Signed by Judge Jeremy Fogel on 4/24/08. (dlm, COURT STAFF) (Filed on 4/25/2008)* (Entered: 04/25/2008) |
| 04/25/2008 | | Set/Reset Hearings: Case Management Conference set for 6/13/2008 09:00 AM. Motion Hearing set for 6/13/2008 09:00 AM. (dlm, COURT STAFF) (Filed on 4/25/2008) (Entered: 04/25/2008) |
| 05/02/2008 | 20 | MOTION for Default Judgment as to filed by Cleophas White. Motion Hearing set for 6/6/2008 09:00 AM in Courtroom 3, 5th Floor, San Jose. (gm, COURT STAFF) (Filed on 5/2/2008) (Entered: 05/02/2008) |
| 05/05/2008 | 21 | ORDER RE PLAINTIFF'S EX PARTE MOTION FOR PRESERVATION OF EVIDENCE. Signed by Judge Patricia V. Trumbull on May 5, 2008. (pvtlc2, COURT STAFF) (Filed on 5/5/2008) (Entered: 05/05/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/12/2008 12:21:28 | | |
| **PACER Login:** | ps2999 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:08-cv-00843-JF |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

Exhibit C

1  **Gregory L. Spallas, SBN 129306**
   **Shivani Sutaria, SBN 249942**
2  PHILLIPS, SPALLAS & ANGSTADT LLP
   650 California Street, Tenth Floor
3  San Francisco, California 94108
   Tel:    (415) 278-9400
4  Fax:    (415) 278-9411

5  Attorneys for Defendant
   WAL-MART STORES, INC.

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10 CLEOPHAS WHITE.                    )  Case No.  CV 08-00843 PVT
                                      )
            Plaintiff,                )  **DEFENDANT'S NOTICE OF MOTION**
11                                    )  **AND MOTION TO DISMISS**
                                      )  **PLAINTIFF'S CAUSES OF ACTION**
12 v.                                 )  **FOR RACIAL HARASSMENT AND**
                                      )  **DISCRIMINATION AND FRAUD AND**
13 WAL-MART STORES, INC.              )  **MEMORANDUM OF POINTS AND**
            Defendant.                )  **AUTHORITIES IN SUPPORT –**
14                                    )  **[FRCP 12(b)(5)]**
                                      )
15                                    )
                                      )  **Accompanying Papers:  [Proposed] Order**
16                                    )  **and Declaration of Dana Chau**
                                      )
17                                    )
   _____)  **Hearing:        April 29, 2008**
18                                       **Time:           10:00 a.m.**
                                         **Courtroom:      Judge Trumbull**
19

20

21

22

23

24

25

26

27

28

TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | NOTICE OF MOTION | 3 |
| II. | MEMORANDUM OF POINTS AND AUTHORITIES | 3 |
|  | A.     FACTUAL BACKGROUND |  |
|  | B.     LEGAL STANDARD | 3 |
|  | C.     LEGAL ARGUMENT | 4 |
|  | 1.  Plaintiff's Service of Process upon Wal-Mart was Defective under FRCP 4(h). | 4 |
|  | 2.  Plaintiff's Service of Process upon Wal-Mart was Defective under Ninth Circuit Rules. | 4 |
|  | 3.  Plaintiff's Service of Process upon Wal-Mart was Defective under California Code of Civil Procedure Section 416.10. | 5 |
|  | 4.  Plaintiff's Complaint should be Dismissed Under FRCP 12(b)(5). | 6 |
|  | D.     CONCLUSION | 6 |

TABLE OF AUTHORITIES

**CASES**

*Brockmeyer v. May*, ........................................................................................... 3
383 F.3d 798, 801 (9th Cir. 2004).

*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, ........................ 4
840 F.2d 685, 688 (9th Cir. 1988).

*Stevens v. Security Pacific National Bank*, ............................................................. 3
538 F.2d 1387, 1389 (9th Cir. 1986)


**STATUTES**

Fed. R. Civ. P. 4(h) ..................................................................................... 4, 5, 6

Fed. R. Civ. P. 12(b)(5) ................................................................................. 3, 6

Cal. Civ. Proc. Code Section 416.10 ............................................................... 4, 5, 6

- 2 –
DEFENDANT'S MOTION TO DISMISS

I. **NOTICE OF MOTION**

Please take notice that Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant") hereby moves this Court for an Order dismissing Plaintiff's Complaint ("Complaint") for insufficient service of process to a corporation.   This motion is set for hearing on April 29, 2008 at 10:00 a.m. in Courtroom 5 before the Honorable Judge Trumbull and is based on the following Memorandum of Points and Authorities and Accompanying papers.

Defendant seeks dismissal of Plaintiff's Complaint for insufficient service of process.   The Complaint is subject to dismissal under Federal Rules of Civil Procedure ("FRCP") 12(b)(5) because Plaintiff Cleophas White ("Plaintiff" or "White") failed to properly serve process on Wal-Mart, a corporation.

II. **MEMORANDUM OF POINTS AND AUTHORITIES**

A. **FACTUAL BACKGROUND**

On February 7, 2008, Plaintiff filed a Complaint against Wal-Mart asserting two causes of action (1) Harassment and Racial Discrimination and (2) Fraud.  Plaintiff was a customer of Wal-Mart store #5435 in San Jose, California and his causes of action arise from an alleged incident that occurred at that Wal-Mart store and the subsequent internal investigation into the incident.   On February 28, 2008, Plaintiff improperly served Defendant the Summons and Complaint.

B. **LEGAL STANDARD**

FRCP 12(b)(5) grants the court broad discretion to dismiss an action, or in the alternative, quash service of process, based on the insufficiency of service of the Complaint and Summons on a defendant. *Stevens v. Security Pacific National Bank*, 538 F.2d 1387, 1389 (9th Cir. 1986)   A Rule 12(b)(5) Motion is properly brought when plaintiff fails to comply with the provisions of FRCP 4(d-m).   The burden to prove the validity of service is on the plaintiff who is claiming proper service has been effected. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

//

//

//

1  //

2  C.  **LEGAL ARGUMENT**

3  **1. Plaintiff's Service of Process upon Wal-Mart was Defective under FRCP 4(h).**

4  "A federal court does not have jurisdiction over a defendant unless the defendant has been

5  served properly under Fed. R. Civ. Pro. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized*

6  *Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).    FRCP 4(h) governs service upon a

7  corporation.  Service must be done by delivering a copy of the summons and complaint to "*an officer,*

8  *a managing or general agent, or any other agent authorized by appointment or by law to receive*

9  *service of process* and — if the agent is one authorized by statute and the statute so requires — by also

10  mailing a copy of each to the defendant."

11  Plaintiff attempted to serve Wal-Mart, a corporation incorporated under the laws of the State of

12  Delaware and with its principal place of business in the State of Arkansas, on February 28, 2008.

13  Deputy U.S. Marshall Tim Shobar served Plaintiff's Complaint and Summons to the Pharmacy

14  Department of Wal-Mart store #5435 in San Jose, California.  U.S. Marshall Shobar went directly to

15  the Pharmacy counter and identified himself to the Wal-Mart employee who happened to be standing

16  at the counter, Pharmacist Dana Chau.  The Complaint and Summons were handed to Ms. Chau.  U.S.

17  Marshall Shobar did not ask for a manager or supervisor or even the position or name of Ms. Chau

18  upon handing her the documents.

19  Ms. Chau is an hourly store employee.  She is not a Wal-Mart officer, executive or any level of

20  management.  She is not authorized by appointment or law to receive service of process for Wal-

21  Mart, and even if she was, such information was not ascertained by the U.S. Marshall to ensure proper

22  service of process.  Thus, Plaintiff's service of process to Ms. Chau was improper under FRCP 4(h).

23  **2. Plaintiff's Service of Process upon Wal-Mart was Defective under Ninth**

24  **Circuit Rules.**

25  The Ninth Circuit also allows for service of process on corporations to be made to: 1) an

26  individual who holds a position that indicates authority within the organization; or 2) who is so

27  integrated within the organization that he or she will know what to do with the papers.  *Direct Mail*

28  *Specialists* at 688.  Plaintiff's service of process failed to also satisfy the Ninth Circuit's additional

1   allowance of who in a corporation can properly receive service of process.   Ms. Chau's Pharmacist

2   position did not indicate in any way that she was an individual who held a position of authority within

3   the overall Wal-Mart organization.   Wal-Mart is an organization with over 4000 facilities in the

4   United States, including over 170 in California.  It employs over 1.3 million employees in the nation,

5   approximately 72,000 of whom work in California.   Ms. Chau is one employee in the vast Wal-Mart

6   organization.   Moreover, even within Wal-Mart store #5435, Ms. Chau was not a member of

7   management who held a position of authority.  Her name tag did not reflect otherwise.  In sum, within

8   the Wal-Mart organization or even within the subject store, Ms. Chau's Pharmacist position did not

9   indicate that she was an individual who held a position of authority, and thus she could not receive

10  service of process for Wal-Mart.

11          Ms. Chau is not so integrated within Wal-Mart that she knew what to do with the court papers

12  upon being served.  Ms. Chau is a "traveling" Pharmacist who works at different Wal-Mart stores.

13  Her sole job responsibility is to fill prescriptions and dispense information and advice to customers.

14  In her job, she has not encountered being served with court papers nor has she been trained on the

15  issue.  Furthermore, her job does not place her in a position to interact on a regular basis with the Store

16  Manager or Wal-Mart management above the store level.   She would not have occasion to interact

17  with Wal-Mart executives located at its principal place of business in Arkansas.  As such, Ms. Chau

18  was not integrated within Wal-Mart in a manner that made her aware of the protocols to follow upon

19  being served with court papers.

20          In sum, Plaintiff failed to satisfy proper service of process under the Ninth Circuit rules.

21          **3.  Plaintiff's Service of Process upon Wal-Mart was Defective under California**

22              **Code of Civil Procedure Section 416.10.**

23          FRCP 4(h) also allows service upon a corporation to be effected pursuant to California state

24  law.   California Code of Civil Procedure Section 416.10 allows a corporation to be served by

25  delivering copies of the summons "to the person designated as agent for service of process," or "to the

26  president, chief executive officer, or other head of the corporation, a vice president, a secretary or

27  assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general

28  manager, or a person authorized by the corporation to receive service of process."

//

Ms. Chau was not the person designated as an agent for service of process, and there was nothing from her position or interaction with the U.S. Marshall to indicate that she was. Ms. Chau, a Pharmacist, did not hold any of the positions that California allows for service of process; she was not Wal-Mart's president, chief executive officer, head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process. Thus, Plaintiff failed to satisfy proper service of process under California law.

### 4.  Plaintiff's Action should be Dismissed under FRCP 12(b)(5).

As argued above, service of process to a Pharmacist standing at the Pharmacy Department counter of Wal-Mart Store #5435 was improper under federal and California law. Due to Plaintiff's failure to comply with FRCP 4(h) and California Code of Civil Procedure Section 416.10 regarding service of process upon corporations, Plaintiff's action should be dismissed pursuant to FRCP 12(b)(5). In the alternative, Plaintiff's service of process should be quashed.

### D.    **CONCLUSION**

Plaintiff's action against Wal-Mart should be dismissed, or service of process should be quashed, pursuant to FRCP 12(b)(5). Plaintiff's method of service of process failed to comply with federal and California rules of civil procedure. For all of the reasons set forth above, Defendant respectfully requests entry of the accompanying [Proposed] Order.

Date: March 19, 2008

By: _____
Greg L. Spallas, Esq.
Shivani Sutaria, Esq.
Attorneys for DEFENDANT
WAL-MART STORES, INC.

- 6 –

Exhibit D

**PSA** Phillips Spallas & Angstadt LLP

ROBERT K. PHILLIPS
GREGORY L. SPALLAS
TODD A. ANGSTADT
KRISTIN L. OLIVEIRA
KATHERINE A. MUNTER
BRENDA H. ENTZMINGER *
BRADLEY J. JAMESON
ELISA RHEIN MARCALETTI
MICHAEL R. HALVORSEN
JOHN W. KIRK+
KATHY K. LEE
KRISTI A. WALTON
ERIN J. ILLMAN
CANDICE A. MULLINGS
ALEXANDER A. GUILLEN
SWETA H. PATEL
BRANDON P. SMITH*
RICHARD J. MAY◊
MAIJA O. HEFFERNON◻
SHIVANI SUTARIA

**Of Counsel**
JAMES L. GHIDELLA
CARON L. STAPLETON

*ADMITTED IN CALIFORNIA & NEVADA
+ADMITTED IN NEVADA & UTAH
*ADMITTED IN NEVADA
◊ADMITTED IN CALIFORNIA, NEW YORK &
 DISTRICT OF COLUMBIA
◻ADMITTED IN CALIFORNIA & NEW YORK

**Reply to San Francisco Office**

April 18, 2008

<u>Via U.S. Mail</u>
Mr. Cleophas White
820 Willow Street, #148
San Jose, CA 95125

     Re:    *Cleophas White v. Wal-Mart Stores, Inc.*
              Case No. 5:08-cv-00843-JF

Dear Mr. White:

     Please be advised that the undersigned represents Defendant Wal-Mart Stores, Inc. in the above-referenced matter. Kindly direct all further correspondence and notices regarding this matter to:

          Gregory L. Spallas, Esq.
          Shivani Sutaria, Esq.
          PHILLIPS, SPALLAS & ANGSTADT LLP
          650 California Street, 10th Floor
          San Francisco, CA 94108
          Tel: 415/278-9400; Fax: 415/278-9411

     Enclosed please find copies of the following documents Defendant has filed with the court in this matter: Defendant's Notice and Points and Authorities in Support of Defendant's Motion to Dismiss Plaintiff's Causes of Action for Racial Harassment and Discrimination and Fraud; Signed Declaration of Dana Chau in Support of Defendant's Motion to Dismiss Plaintiff's Causes of Action for Racial Harassment and Discrimination and Fraud; Proposed Order for Defendant's Motion to Dismiss Plaintiff's Causes of Action for Racial Harassment and Discrimination and Fraud; Defendant's Declination to Proceed Before Magistrate Judge and Request for Reassignment to a U.S. District Judge; and Defendant's Amended Notice of Motion to Dismiss Plaintiff's Causes of Action for Racial Harassment and Discrimination and Fraud.

SAN FRANCISCO
650 CALIFORNIA STREET
10TH FLOOR
SAN FRANCISCO, CA 94108
(415) 278-9400
FAX: (415) 278-9411

PHILLIPS, SPALLAS & ANGSTADT LLC
LAS VEGAS
211 N. BUFFALO, SUITE E
LAS VEGAS, NV 89145
(702) 938-1510
FAX: (702) 938-1511

LOS ANGELES
1875 CENTURY PARK EAST
SUITE 1050
LOS ANGELES, CA 90067
(310) 407-3017
FAX: (310) 772-0023

WWW.PSALAW.NET

Thank you for your attention to this matter, and please feel free to contact me with any questions.

Very truly yours,

PHILLIPS, SPALLAS & ANGSTADT LLP

Shivani Sutaria

SS: jmc

## PROOF OF SERVICE BY MAIL

### Cleophas White v. Wal-Mart Stores, Inc.

### Court Case No.: 5:08-cv-00843-JF

I, the undersigned, declare:

That I am employed in the City and County of San Francisco, State of California; that I am over the age of eighteen years and not a party to the within cause; that my business address is 650 California Street, Tenth Floor, San Francisco, California 94108.

That on April 18, 2008, I served the within:

1) **Defendant's Notice and Points and Authorities in Support of Defendant's Motion to Dismiss Plaintiff's Causes of Action for Racial Harassment and Discrimination and Fraud**

2) **Signed Declaration of Dana Chau in Support of Defendant's Motion to Dismiss Plaintiff's Causes of Action for Racial Harassment and Discrimination and Fraud**

3) **Proposed Order for Defendant's Motion to Dismiss Plaintiff's Causes of Action for Racial Harassment and Discrimination and Fraud**

4) **Defendant's Declination to Proceed Before Magistrate Judge and Request for Reassignment to a U.S. District Judge**

5) **Defendant's Amended Notice of Motion to Dismiss Plaintiff's Causes of Action for Racial Harassment and Discrimination and Fraud**

on the parties listed in said cause by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the outgoing mail box located in my office addressed as set forth below in accordance with ordinary business practices for deposit with the United State Postal Service in San Francisco, California.  I am readily familiar with my office business practice for collection and processing of correspondence for mailing and the within correspondence will be deposited with the United States Postal Service this date in the ordinary course of business.

Cleophas White
820 Willow Street, #148
San Jose, CA 95125
T: (916) 856-4360

1      I declare under penalty of perjury under the laws of the State of California that the

2  foregoing is true and correct.  Executed on April 18, 2008, at San Francisco, California.

3

4                                                     Joseph Clark