Gregory L. Spallas, SBN 129306
Shivani Sutaria, SBN 249942
PHILLIPS, SPALLAS & ANGSTADT LLP
650 California Street, Tenth Floor
San Francisco, California 94108
Tel:   (415) 278-9400
Fax:   (415) 278-9411

Attorneys for Defendant
WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEOPHAS WHITE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.<br><br>　　　　Defendant. | Case No. CV 08-00843 JF PVT<br><br>**DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO ANSWER INTERROGATORIES AND SANCTIONS FOR FAILURE TO ANSWER INTERROGATORIES**<br><br>Date:  June 10, 2008<br>Time:  10:00 a.m.<br>Courtroom:  5<br>Judge: Honorable Patricia Trumbull |

Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant") by and through its attorneys, Phillips, Spallas & Angstadt LLP respectfully submits the following memorandum of points and authorities in support of its Opposition to Plaintiff Cleophas White's ("Plaintiff") Motion to Compel Defendant to Answer Interrogatories and Sanctions for Failure to Answer Interrogatories ("Motion"). For the reasons set forth below, Wal-Mart respectfully requests that the court deny Plaintiff's Motion.

## I.   INTRODUCTION AND PROCEDURAL HISTORY

This Opposition arises out of receipt of Plaintiff's Motion served on Defendant on May 5, 2008 and filed with the court on May 8, 2008.  Plaintiff argues in his Motion that Defendant failed to respond to Plaintiff's first set of interrogatories and that he seeks sanctions because "Defendant

1 | withheld the Interrogatory Answers on purpose."

2 | On February 7, 2008, Plaintiff filed a Complaint against Wal-Mart asserting two causes of action (1) Harassment and Racial Discrimination and (2) Fraud. Plaintiff was a customer of Wal-Mart store #5435 in San Jose, California. Plaintiff's purported causes of action arise from an alleged incident that occurred at that Wal-Mart store and the subsequent internal investigation into the incident. On February 28, 2008, Plaintiff improperly served Wal-Mart, a corporation incorporated under the laws of the State of Delaware and with its principal place of business in the State of Arkansas, under the Federal Rules of Civil Procedure ("FRCP") 4(d-m). Defendant filed a Motion to Dismiss under FRCP 12(b)(5) for insufficient service of process to a corporation on March 19, 2008, with a hearing date scheduled for June 13, 2008. Plaintiff filed a Motion for Default Judgment on May 2, 2008 based on Defendant's purported failure to answer his Complaint. Defendant filed an Opposition to the Motion for Default Judgment on May 13, 2008. That hearing is scheduled for June 6, 2008 at 9:00 a.m. before Judge Fogel.

The Initial Case Management Conference was originally scheduled for May 30, 2008 at 10:30 a.m. before Judge Jeremy Fogel. Defendant filed a Request for Continuance of the Initial Case Management Conference on April 22, 2008 so that defendant's Motion to Dismiss could be heard prior to the CMC. The court granted the continuance, and the Initial Case Management Conference is now scheduled for June 13, 2008 at 9:00 a.m. before Judge Fogel and the last day to file the Case Management Statement is June 3, 2008 [Order attached hereto as **Exhibit A**]. Accordingly, the last day to meet and confer on initial disclosures, the discovery plan and ADR is two weeks prior to June 3, 2008, which is May 20, 2008.

## II.   LEGAL ARGUMENT

**1. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFF HAS NOT PROPERLY SERVED DEFENDANT AND THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT**

Plaintiff failed to properly serve the complaint and summons on Wal-Mart, a corporation, pursuant to FRCP 4(h), and thereby lacks the authority to now serve discovery requests on Wal-Mart. FRCP 4(h) requires service upon a corporation be made to *"an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process* and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant." FRCP 4(h) also allows service upon a corporation to be effected pursuant to California state law. California Code of Civil Procedure Section 416.10 allows a corporation to be served by delivering copies of the summons "to the person designated as agent for service of process," or "to the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process."

Plaintiff attempted to serve Wal-Mart on February 28, 2008 by handing the complaint and summons to an hourly store employee. This store employee was not a Wal-Mart officer, executive or any level of management. She is not authorized by appointment or law to receive service of process for Wal-Mart.

Furthermore, as a result of Plaintiff's defective service, the court does not have jurisdiction to compel Wal-Mart to respond to Plaintiff's discovery requests or to award Plaintiff sanctions as Wal-Mart is not yet a party to this action. If a person or entity was not properly served with the complaint and summons, the court lacks personal jurisdiction over the party. *See Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). ("A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed.R.Civ.P.4"). As such, until Plaintiff serves the complaint and summons on Wal-Mart pursuant to FRCP 4(h), discovery requests and motions are improper.

### 2. PLAINTIFF'S MOTION TO COMPEL SHOULD BE DENIED BECAUSE DISCOVERY MAY NOT COMMENCE UNTIL AFTER THE PARTIES HAVE CONFERRED PURSUANT TO RULE 26(f).

FRCP 26(d)(1) states, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under

Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Plaintiff and Defendant have not yet conferred under Rule 26(f) on "the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals.." Defendant will attempt to confer with pro per Plaintiff soon and will be in compliance with June 3, 2008 deadline to submit a case management statement and will attend the June 13, 2008 case management conference. However, until Plaintiff and Defendant satisfy those meet and confer requirements and attend the Case Management Conference, Plaintiff may not seek discovery from Defendant.

Furthermore, Plaintiff and Defendant have not stipulated to early discovery nor has the court authorized early discovery. Thus, any discovery Plaintiff has served on Defendant is improper at this time and Defendant is relieved from responding to it.

### 3. PLAINTIFF'S MOTION TO COMPEL SHOULD BE DENIED BECAUSE DEFENDANT WAS NOT SERVED WITH PLAINTIFF'S INTERROGATORIES

Plaintiff claims he served Wal-Mart with Plaintiff's First Set of Interrogatories on March 18, 2008. Wal-Mart has not been served with any discovery requests, including interrogatories. Defendant learned about Plaintiff's interrogatories for the first time upon receipt of his Motion to Compel. Thus, Defendant should be relieved of any obligation to respond to any such interrogatories.

### 4. PLAINTIFF'S MOTION TO COMPEL SHOULD BE DENIED BECAUSE PLAINTIFF FAILED TO MEET AND CONFER WITH DEFENDANT PRIOR TO FILING MOTION TO COMPEL

FRCP Rule 37(a)(1) requires the moving party to include with its Motion to Compel "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiff failed to include such a certification with its motion. Moreover, Plaintiff failed to meet and confer with Defendant regarding his interrogatory request. Plaintiff has never spoken with or written to Defendant

about its interrogatory request, Defendant's alleged unresponsiveness, and/or his intention to file a Motion to Compel. Thus, Plaintiff's Motion to Compel should be denied.

### 5. PLAINTIFF'S REQUEST FOR SANCTIONS SHOULD BE DENIED BECAUSE PLAINTIFF FILED THE MOTION TO COMPEL BEFORE MEETING AND CONFERRING WITH DEFENDANT AND DEFENDANT'S LACK OF RESPONSE TO INTERROGATORIES WAS SUBSTANTIALLY JUSTIFIED

FRCP Rule 37(5)(A) states, "if the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, FRCP Rule 37(5)(A)(i-iii) states that the court must not order this payment if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust."

Plaintiff failed to meet and confer with Defendant before filing the Motion to Compel, and thus his request for Sanctions should be denied. Plaintiff has never spoken with or written to Defendant about its interrogatory request, Defendant's alleged unresponsiveness, and/or his intention to file a Motion to Compel. Sanctions should also be denied because Defendant's non-response to Plaintiff's allegedly served interrogatories are also the result of Defendant never being served with any such interrogatories. Lastly, an award of Sanctions would be unjust because Defendant is properly waiting to serve and respond to discovery until after the Initial Case Management Conference on June 13, 2008.

### 6. DEFENDANT SEEKS REASONABLE EXPENSES INCURRED IN OPPOSING PLAINTIFF'S IMPROPERLY FILED MOTION TO COMPEL

FRCP Rule 37(5)(B) states, "If the motion [to compel] is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed

the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Sanctions against Plaintiff are mandated here since Defendant had to expend time opposing Plaintiff's Motion to Compel, which was improperly and untimely filed. Plaintiff filed this Motion even before discovery was allowed to commence. Furthermore, Plaintiff failed to comply with the meet and confer requirements that necessitate him to seek the discovery response directly from Defendant prior to asking for court intervention. Lastly, Plaintiff failed to even serve Defendant with the interrogatory it is now seeking to compel.

As more fully set forth in the Declaration of Shivani Sutaria, Defendant respectfully request that this Court sanction Plaintiff in the amount of $950.00, representing the fees and costs incurred by Defendant (and expected to be incurred) in connection with this Opposition. (See Declaration of Shivani Sutaria, ¶13).

### III.    CONCLUSION

For the foregoing reasons, Wal-Mart now respectfully moves this Honorable Court to deny Plaintiff's Motion to Compel Defendant to Answer Interrogatories and Request for Sanctions for Failure to Answer Interrogatories. Wal-Mart respectfully requests this Honorable Court to grant Defendant sanctions in the amount of $950.00, which represents the attorneys' fees and costs incurred by Defendant (and expected to be incurred) in connection with filing this Opposition. Wal-Mart also respectfully requests that this Honorable Court rule on this motion based on the moving and opposing papers instead of requiring the parties to attend the June 10, 2008 at 10:00 a.m. hearing on the matter. In the alternative, Wal-Mart respectfully requests the Motion to Compel hearing be continued to until after the Motion to Dismiss hearing on June 13, 2008.

DATED: May 16, 2008

Respectfully submitted,
PHILLIPS, SPALLAS & ANGSTADT LLP

_____
Gregory L. Spallas
Shivani Sutaria
Attorneys for Defendant

# Exhibit A

1  Gregory L. Spallas, SBN 129306
   Shivani Sutaria, SBN 249942
2  PHILLIPS, SPALLAS & ANGSTADT LLP
   650 California Street, Tenth Floor
3  San Francisco, California 94108
   Tel:   (415) 278-9400
4  Fax:   (415) 278-9411

5  Attorneys for Defendant
   WAL-MART STORES, INC.
6

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10 CLEOPHAS WHITE.              ) Case No.  CV 08-00843 JF
11                              )
          Plaintiff,            )
12                              ) DEFENDANT'S REQUEST FOR
   v.                           ) CONTINUANCE OF MAY 30, 2008
13                              ) CASE MANAGEMENT
   WAL-MART STORES, INC.        ) CONFERENCE AND [PROPOSED]
14                              ) ORDER
          Defendant.            )
15                              )
                                ) CMC:      MAY 30, 2008
16                              ) TIME:     10:30 A.M.
                                ) CTRM 10:  JUDGE J. FOGEL
17
18
19  ─────────────────────────────
20

21 TO THIS HONORABLE COURT:

22      PLEASE TAKE NOTICE that Defendant Wal-Mart Stores, Inc. requests that the court
23
   continue the Initial Case Management Conference currently set for May 30, 2008 at 10:30 a.m.
24
   This request is based on the fact that Defendant filed on March 19, 2008 a Motion to Dismiss
25
   Plaintiff's Complaint for insufficient service of process to a corporation.  A hearing on that
26
   Motion is currently set for June 13, 2008 at 9:00 a.m.  Defendant seeks the ruling to the Motion
27
   to Dismiss prior to attending the Initial Case Management Conference as it does not want to
28

-1-
DEFENDANT'S REQUEST FOR CONTINUANCE OF 5/30/08 CASE MANAGEMENT CONFERENCE.
U.S.D.C. – Northern District of California – Case No. CV 08-00843 JF

Case 5:08-cv-00843-JF   Document 27   Filed 05/19/2008   Page 9 of 10
Case 5:08-cv-00843-JF   Document 19   Filed 04/25/2008   Page 2 of 3

1  waste the Court's time on a Conference that may not be necessary. For this reason Defendant

2  requests a 45 day continuance for the Initial Case Management Conference.

3

4  Dated: April 22, 2008                                    PHILLIPS, SPALLAS & ANGSTADT LLP

5

6                                                           By: _____

7                                                           Gregory L. Spallas
                                                            Shivani Sutaria
8                                                           Attorneys for Defendant
                                                            Wal-Mart Stores, Inc.
9

10

11                                       [PROPOSED] ORDER

12         It is hereby ordered that the Initial Case Management Conference in this matter is

13  continued to ___6/13/08 at 9:00 a.m._____.

14
           It is hereby ordered that the Joint Case Management Statement shall be due on
15  ___6/3/08_____.

16

17  Dated: 4/24/08                                          By:_____

                                                            Judge Jeremy Fogel
18

19

20

21

22

23

24

25

26

27

28

-2-
DEFENDANT'S REQUEST FOR CONTINUANCE OF 5/30/08 CASE MANAGEMENT CONFERENCE.
*U.S.D.C. – Northern District of California – Case No.* CV 08-00843 JF

## PROOF OF SERVICE BY MAIL

### Cleophas White v. Wal-Mart Stores, Inc.

### Court Case No.: 5:08-cv-00843-JF

I, the undersigned, declare:

That I am employed in the City and County of San Francisco, State of California; that I am over the age of eighteen years and not a party to the within cause; that my business address is 650 California Street, Tenth Floor, San Francisco, California 94108.

That on April 22, 2008, I served the within:

1) **DEFENDANT'S REQUEST FOR CONTINUANCE OF MAY 30, 2008 CASE MANAGEMENT CONFERENCE AND [PROPOSED] ORDER**

on the parties listed in said cause by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the outgoing mail box located in my office addressed as set forth below in accordance with ordinary business practices for deposit with the United State Postal Service in San Francisco, California. I am readily familiar with my office business practice for collection and processing of correspondence for mailing and the within correspondence will be deposited with the United States Postal Service this date in the ordinary course of business.

Cleophas White
820 Willow Street, #148
San Jose, CA 95125
T: (916) 856-4360

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 22, 2008, at San Francisco, California.

Joseph Clark