1  **Gregory L. Spallas, SBN 129306**
   **Shivani Sutaria, SBN 249942**
2  PHILLIPS, SPALLAS & ANGSTADT LLP
   650 California Street, Tenth Floor
3  San Francisco, California 94108
   Tel:    (415) 278-9400
4  Fax:    (415) 278-9411

5  Attorneys for Defendant
   WAL-MART STORES, INC.

6

7

8

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

12  CLEOPHAS WHITE.                        | Case No.  CV 08-00843 JF

13              Plaintiff,

14                                          | **DEFENDANT WAL-MART STORES,**
    v.                                      | **INC.'S SEPARATE CASE MANAGEMENT**
15                                          | **STATEMENT**
    WAL-MART STORES, INC.
16
                Defendant.                  | **DATE:  June 13, 2008**
17                                          | **TIME:  9:00 a.m**
                                            | **CTRM 10:   Judge J. Fogel**
18

19

20       Defendant WAL-MART STORES INC.  (hereinafter "Wal-Mart" or "Defendant") hereby

21  submit this Separate Case Management Statement.  Pursuant to Local Rule 16-9(a), Defendant files a

22  separate statement because Plaintiff is not represented by counsel.

23                          **JURISDICTION AND SERVICE**

24       Defendant is unsure as to what federal provisions Plaintiff brings this action and thus, if the

25  court has subject matter jurisdiction.  Plaintiff only states in his complaint that the incident "involved

26  Racial Discrimination which is under the exclusive Jurisdiction of Federal Courts."

27  //

28  //

1    Plaintiff failed to properly serve the complaint and summons on Wal-Mart, a corporation,

2    pursuant to FRCP 4(h).  FRCP 4(h) requires service upon a corporation be made to *"an officer, a*

3    *managing or general agent, or any other agent authorized by appointment or by law to receive service*

4    *of process* and — if the agent is one authorized by statute and the statute so requires — by also

5    mailing a copy of each to the defendant."  FRCP 4(h) also allows service upon a corporation to be

6    effected pursuant to California state law.  Plaintiff attempted to serve Wal-Mart on February 28, 2008

7    by handing the complaint and summons to an hourly store employee.  This store employee was not a

8    Wal-Mart officer, executive or any level of management.  She is not authorized by appointment or law

9    to receive service of process for Wal-Mart.  Defendant filed a Motion to Dismiss under FRCP 12(b)(5)

10   for insufficient service of process to a corporation on March 19, 2008, with a hearing before Judge

11   Fogel on June 13, 2008 at 9:00 a.m.

12                                                      **FACTS**

13

14   On December 6, 2007, Plaintiff was a Pharmacy customer of Wal-Mart store #5435 (777 Story

15   Road, San Jose CA 95122).  Plaintiff brought in two bottles of medications that he needed filled; one

16   medication had previously been filled at a Sacramento, California Wal-Mart Pharmacy and the other

17   had been previously filled at a Rite-Aid Pharmacy.  The Pharmacist on duty, Dana Chau, wrote down

18   the Rite-Aid phone number as it appeared on the bottle to transfer the prescription to Wal-Mart and

19   asked Plaintiff to return in approximately twenty minutes.  Ms. Chau called the Rite-Aid phone

20   number, but the phone number was disconnected.  She filled the other prescription.  When Plaintiff

21   returned, Ms. Chau explained to Plaintiff that the Rite-Aid phone number was disconnected and she

22   asked to see the bottle again to ensure she had written down the correct phone number.  Plaintiff

23   became angry at this point and asked Ms. Chau why she did not start calling any and all Rite-Aid

24   Pharmacies to locate the correct one.  Ms. Chau began to continue her efforts to locate the correct

25   Rite-Aid, but Plaintiff told her "never mind."  Plaintiff then went to purchase the filled prescription

26   and Pharmacy Cashier Leonora "Ellen" Jusi  asked him to verify his address, which he believes is

27   discriminatory because he was homeless.  Plaintiff alleges these interactions with Wal-Mart Pharmacy

28   personnel constituted racial discrimination and harassment.

1    Plaintiff also alleges fraud.  Plaintiff complained about the December 6, 2007 incident to

2  management above the store level.  Market Human Resources Manager Jennifer Santos immediately

3  began conducting an internal investigation.  A few weeks later, Pharmacy District Manager Emmanuel

4  Rohani informed Plaintiff that based on their investigation, no evidence of racial discrimination or

5  harassment had been found.  Based on these interactions with Ms. Santos and Mr. Rohani, Plaintiff

6  incredulously claims that Wal-Mart is "defrauding customers who sue them, or their legal right to due

7  process, by destroying the evidence against them."

8    Plaintiff also alleges Job Discrimination, but provides no facts to support this allegation.

9                                        **LEGAL ISSUES**

10    The critical legal issues are whether Wal-Mart engaged in racial harassment and discrimination

11  when Ms. Chau was unable to fill Plaintiff's prescription due to a disconnected Rite-Aid phone

12  number and when Ms. Jusi asked Plaintiff to verify his address to purchase the filled prescription.

13  The other legal issue is whether Wal-Mart engaged in fraud by conducting an internal investigation.

14                                          **MOTIONS**

15    Plaintiff filed an Ex Parte Motion for Preservation of Evidence filed on February 15, 2008.

16  Defendant filed a Reply to the Motion on April 22, 2008, agreeing to preserve evidence.  Defendant

17  filed a Motion to Dismiss under FRCP 12(b)(5) for insufficient service of process to a corporation on

18  March 19, 2008, with a hearing before Judge Fogel on June 13, 2008 at 9:00 a.m..  Plaintiff filed a

19  Motion for Default Judgment on May 2, 2008 based on Defendant's purported failure to answer his

20  Complaint.  Defendant filed an Opposition to the Motion for Default Judgment on May 13, 2008.

21  That hearing is also scheduled for June 13, 2008 before Judge Fogel.  Plaintiff filed a Motion to

22  Compel Defendant to Answer Interrogatories and Sanctions for Failure to Answer Interrogatories on

23  May 8, 2008.  Defendant filed an Opposition to this discovery motion on May 16, 2008.  A hearing is

24  scheduled before Judge Trumbull on June 10, 2008 at 10:00 a.m.

25    Defendant expects to file a Motion to Dismiss under FRCP 12(b)(6) in the near future.

26  //

27  //

28  //

1

## AMENDMENT OF PLEADINGS

2          Defendant does not anticipate amending the pleadings.

3

## EVIDENCE PRESERVATION

4          Defendant instructed the relevant parties to preserve all existing relevant documents and

5     evidence upon notice of Plaintiff's complaint on or around March 5, 2008.  On April 22, 2008, filed a

6     reply to Plaintiff's Ex Parte Motion for Preservation of Evidence, declaring its awareness of its duty to

7     preserve evidence that is relevant or reasonably calculated to lead to the discovery of admissible

8     evidence.

9

## DISCLOSURES

10         Defendant has timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26

11    (a)(1) by serving Plaintiff with initial disclosures by June 3, 2008.

12

## DISCOVERY

13         Defendant has not stipulated to early discovery nor has the court authorized early discovery.

14    Plaintiff claims he served Wal-Mart with Plaintiff's First Set of Interrogatories on March 18, 2008.

15    Wal-Mart has not been served with any discovery requests, including interrogatories.  Defendant

16    learned about Plaintiff's interrogatories for the first time upon receipt of his Motion to Compel.

17    Defendant requested Plaintiff provide the service address, but he has failed to do so.  Defendant filed

18    an Opposition to this discovery motion on May 16, 2008.  A hearing is scheduled before Judge

19    Trumbull on June 10, 2008 at 10:00 a.m.

20         Defendant expects to conduct written discovery on liability and damages issues.  Defendant's

21    anticipated discovery is as follows:

22         1. **Rule 26(a) disclosures**

23         Defendant will serve initial disclosures to Plaintiff by June 3, 2008.

24         2. **Discovery Subjects**

25         Defendant will conduct discovery based on the allegations and defenses set forth in the

26    pleadings.  Defendant will conduct discovery as to the factual evidence and witnesses Plaintiff

27    contends supports his claims, and the amount and extent of plaintiff's claimed damages.

28    //

## CLASS ACTIONS

Not applicable.

## RELATED CASES

Not applicable.

## RELIEF

In his complaint, Plaintiff seeks $200,000 in damages. During a May 16, 2008, meet and confer telephone conversation with Plaintiff, he demanded a settlement award of $30,000 as well as a donation to his organization, Bay Area Christian Charities. Plaintiff has not specified how he has derived at the settlement figure.

## SETTLEMENT AND ADR

Per ADR Local Rule 3-5, Defendant met and conferred with Plaintiff on May 16, 2008. Defendant explained to Plaintiff the court's ADR requirements and asked if he would stipulate to one of the ADR options. Plaintiff informed us he was not willing to stipulate with Wal-Mart to anything at this time. Defendant filed the ADR Certification and Notice for Need for ADR Phone Conference on May 20, 2008.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

On March 21, 2008, Defendant filed a declination to proceed before Magistrate Patricia V. Trumbull.

## OTHER REFERENCES

Not suitable for binding arbitration.

## NARROWING OF ISSUES

Defendant has not yet discussed narrowing of issues since Plaintiff is not willing to speak to Defendant on any procedural or factual issues of the case, except regarding his settlement demand.

## EXPEDITED SCHEDULE

Not applicable.

## SCHEDULING

Defendant requests the following pre-trial and trial dates:

//

1  Last day to complete non-expert discovery:          September 26, 2008

2  Expert Disclosure:                                  October 3, 2008

3  Supplemental Expert Disclosure:                     October 17, 2008

4  Last day to complete Expert Discovery:              October 31, 2008

5  Last day for hearing on non-dispositive motions:    November 14, 2008

6  Last day for hearing on dispositive motions:        December 12, 2008

7  Pre-Trial Conference:                               January 12, 2009

8  Trial:                                              February 2, 2009

9

10

11                            **TRIAL**

12  Defendant requests a trial by jury and expect that trial will last two to three days.

13  **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

14                        Not at this time.

15

16

17

18                                      Respectfully submitted,

19

20  Dated:  June 2, 2008                    PHILLIPS, SPALLAS & ANGSTADT LLP

21

22                                          _____
                                            Gregory L. Spallas
23                                          Shivani Sutaria
                                            Attorneys for Defendant
24                                          WAL-MART STORES INC.

25

26

27

28

**PROOF OF SERVICE BY MAIL**

**Cleophas White v. Wal-Mart Stores, Inc.**

**Court Case No.: 5:08-cv-00843-JF**

I, the undersigned, declare:

That I am employed in the City and County of San Francisco, State of California; that I am over the age of eighteen years and not a party to the within cause; that my business address is 650 California Street, Tenth Floor, San Francisco, California 94108.

That on June 2, 2008, I served the within:

1)    **DEFENDANT WAL-MART STORES, INC.'S SEPARATE CASE MANAGEMENT STATEMENT**

on the parties listed in said cause by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the outgoing mail box located in my office addressed as set forth below in accordance with ordinary business practices for deposit with the United State Postal Service in San Francisco, California.  I am readily familiar with my office business practice for collection and processing of correspondence for mailing and the within correspondence will be deposited with the United States Postal Service this date in the ordinary course of business.

Cleophas White
1400 "A" Street #51
Sacramento, CA 95811
T: (916) 856-4360

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 2, 2008, at San Francisco, California.

Joseph Clark