**E-Filed 6/17/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEOPHAS WHITE,<br><br>        Plaintiff,<br><br>    v.<br><br>WAL-MART STORES, INC.,<br><br>        Defendant. | Case Number CV 08-843 JF<br><br>ORDER[1] DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DENYING DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS UPON A CORPORATION<br><br>[re: docket nos. 7, 40] |

**I. BACKGROUND**

On February 7, 2008, Plaintiff Cleophas White ("Plaintiff") filed the instant action against Defendant Wal-Mart Stores, Inc. ("Defendant") alleging claims for harassment, racial discrimination, and fraud arising out of an alleged incident at a Wal-Mart store pharmacy on December 6, 2007. On February 11, 2007, Magistrate Judge Patricia V. Trumbull granted Plaintiff's motion to proceed in *forma pauperis* and directed the United States Marshal to serve a

---

[1] This disposition is not designated for publication in the federal reporter.

Case No. 08-843
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DENYING DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS UPON A CORPORATION
(JFEX2)

copy of the complaint and other documents upon Defendant. On February 28, 2008, the Marshal served pharmacist Dana Chau at the Wal-Mart store where the alleged incident occurred. On March 19, 2008, Defendant electronically filed a motion to dismiss for insufficient service of process under Fed. R. Civ. Pr. 4(h) and Cal. Civ. Proc. Code § 416.10. The action was reassigned to this Court on March 24, 2008, and Defendant amended its motion to dismiss on April 3, 2008.

On April 15, 2008, Plaintiff filed a response stating he had not received a copy of Defendant's motion to dismiss. Defendant acknowledged that Plaintiff is not registered with the Court's Electronic Case Filing system and thus does not receive electronically-filed materials. Defendant subsequently sent all previously e-filed materials to Plaintiff via the United States Postal Service. On May 2, 2008, Plaintiff moved for default judgment, claiming that he had not received a timely answer to his complaint.

## II. DISCUSSION

**A. Plaintiff's Motion for Default Judgment**

Defendant timely filed its motion to dismiss for insufficient service within twenty days of receiving notice of the complaint. It is undisputed that Plaintiff did not receive a copy of this motion because Defendant mistakenly assumed that Plaintiff would receive electronic filings. When it realized its mistake, Defendant promptly sent Plaintiff its moving papers via the United States Postal Service. This Court has discretion to excuse such mistakes pursuant to Fed. R. Civ. Pr. 60(b)(1) which provides: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. Pr. 60(b)(1). Here, Defendant timely filed its motion electronically, corrected its mistake upon realizing that Plaintiff is not registered to receive electronic filings, and appears to be acting in good faith.

Having considered the nature of Defendant's mistake, Defendant's explanation, and the absence of prejudice to Plaintiff, the Court will deny Plaintiff's motion for default judgment.

2

Case No. 08-843
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DENYING DEFENDANT'S
MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS UPON A CORPORATION
(JFEX2)

**B. Defendant's Motion to Dismiss for Improper Service**

As noted above, the U.S. Marshal served the summons and complaint upon Dana Chau at the Wal-Mart store where the alleged incident occurred. As set forth in Defendant's moving papers, Ms. Chau was employed as a traveling pharmacist, in which capacity she worked at several Wal-Mart stores and had limited interaction with Wal-Mart store managers. Ms. Chau does not hold a position of managerial authority and at no time held herself out as having such authority. Under these circumstances service was defective under Fed. R. Civ. Pr. 4(h), which governs service upon a corporation. There is no evidence that Ms. Chau was "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. Pr. 4(h)(1)(B). Service also was defective under Cal. Civ. Proc. Code § 416.10 because Ms. Chau is not "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10.

However, because service was effected by the U.S. Marshal, these defects in service are not attributable to Plaintiff. Accordingly, in the interest of judicial economy, the Court will direct the Marshal to re-serve Defendant rather than dismiss the action. Service shall be made upon a person identified in Fed. R. Civ. Pr. 4 and Cal. Civ. Proc. Code § 410.10.

3

Case No. 08-843
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DENYING DEFENDANT'S
MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS UPON A CORPORATION
(JFEX2)

## IV.  ORDER

IT IS HEREBY ORDERED THAT:

(1) Plaintiff's motion for default judgment is denied;

(2) Defendant's motion to dismiss for improper service is denied;

(3) The U.S. Marshal shall serve Defendant the summons and complaint through a proper corporate representative.

(4) The parties shall appear for a case management conference on August 15, 2008 at 10:30 a.m.

DATED: 6/17/08

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

3  Gregory Louis Spallas    gspallas@psalaw.net, eillman@psalaw.net, jpliner@psalaw.net, koliveira@psalaw.net, ssutaria@psalaw.net

4  Shivani Sutaria    ssutaria@psalaw.net

5  Cleophas White
   1400 A St. #51
6  Sacramento, CA 95811

5

Case No. 08-843
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DENYING DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS UPON A CORPORATION
(JFEX2)