Gregory L. Spallas, SBN 129306
Shivani Sutaria, SBN 249942
PHILLIPS, SPALLAS & ANGSTADT LLP
650 California Street, Tenth Floor
San Francisco, California 94108
Tel:   (415) 278-9400
Fax:  (415) 278-9411

Attorneys for Defendant
WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEOPHAS WHITE. <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC. <br><br> Defendant. | Case No.  CV 08-00843 JF <br><br> **DEFENDANT WAL-MART STORES, INC.'S SEPARATE CASE MANAGEMENT STATEMENT** <br><br> DATE:   August 15, 2008 <br> TIME:    10:30 a.m. <br> CTRM 10:  Judge J. Fogel |

Defendant WAL-MART STORES INC. (hereinafter "Wal-Mart" or "Defendant") hereby submit this Separate Case Management Statement. Pursuant to Local Rule 16-9(a), Defendant files a separate statement because Plaintiff is not represented by counsel.

### JURISDICTION AND SERVICE

Defendant is unsure as to what federal provisions Plaintiff brings this action and thus, if the court has subject matter jurisdiction. Plaintiff only states in his complaint that the incident "involved Racial Discrimination which is under the exclusive Jurisdiction of Federal Courts."

//

//

Plaintiff failed to properly serve the complaint and summons on Wal-Mart, a corporation, pursuant to FRCP 4(h). FRCP 4(h) requires service upon a corporation be made to *"an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process* and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant." FRCP 4(h) also allows service upon a corporation to be effected pursuant to California state law. Plaintiff attempted to serve Wal-Mart on February 28, 2008 by handing the complaint and summons to an hourly store employee. This store employee was not a Wal-Mart officer, executive or any level of management. She is not authorized by appointment or law to receive service of process for Wal-Mart.

On March 19, 2008, Defendant filed a Motion to Dismiss under FRCP 12(b)(5) for insufficient service of process to a corporation. On June 17, 2008, Judge Fogel denied Wal-Mart's Motion to Dismiss and ordered proper service of the Complaint and Summons upon Wal-Mart. As of the date of this statement, Defendant has not been properly served under FRCP 4(h) or California state law.

## FACTS

On December 6, 2007, Plaintiff was a Pharmacy customer of Wal-Mart store #5435 (777 Story Road, San Jose CA 95122). Plaintiff brought in two bottles of medications that he needed filled; one medication had previously been filled at a Sacramento, California Wal-Mart Pharmacy and the other had been previously filled at a Rite-Aid Pharmacy. The Pharmacist on duty, Dana Chau, wrote down the Rite-Aid phone number as it appeared on the bottle to transfer the prescription to Wal-Mart and asked Plaintiff to return in approximately twenty minutes. Ms. Chau called the Rite-Aid phone number, but the phone number was disconnected. She filled the other prescription. When Plaintiff returned, Ms. Chau explained to Plaintiff that the Rite-Aid phone number was disconnected and she asked to see the bottle again to ensure she had written down the correct phone number. Plaintiff became angry at this point and asked Ms. Chau why she did not start calling any and all Rite-Aid Pharmacies to locate the correct one. Ms. Chau began to continue her efforts to locate the correct Rite-Aid, but Plaintiff told her "never mind." Plaintiff then went to purchase the filled prescription

and Pharmacy Cashier Leonora "Ellen" Jusi asked him to verify his address, which he believes is discriminatory because he was homeless. Plaintiff alleges these interactions with Wal-Mart Pharmacy personnel constituted racial discrimination and harassment.

Plaintiff also alleges fraud. Plaintiff complained about the December 6, 2007 incident to management above the store level. Market Human Resources Manager Jennifer Santos immediately began conducting an internal investigation. A few weeks later, Pharmacy District Manager Emmanuel Rohani informed Plaintiff that based on their investigation, no evidence of racial discrimination or harassment had been found. Based on these interactions with Ms. Santos and Mr. Rohani, Plaintiff incredulously claims that Wal-Mart is "defrauding customers who sue them, or their legal right to due process, by destroying the evidence against them."

Plaintiff also alleges Job Discrimination, but provides no facts to support this allegation.

## LEGAL ISSUES

The critical legal issues are whether Wal-Mart engaged in racial harassment and discrimination when Ms. Chau was unable to fill Plaintiff's prescription due to a disconnected Rite-Aid phone number and when Ms. Jusi asked Plaintiff to verify his address to purchase the filled prescription. The other legal issue is whether Wal-Mart engaged in fraud by conducting an internal investigation.

## MOTIONS

Plaintiff filed an Ex Parte Motion for Preservation of Evidence filed on February 15, 2008. Defendant filed a Reply to the Motion on April 22, 2008, agreeing to preserve existing evidence. Defendant filed a Motion to Dismiss under FRCP 12(b)(5) for insufficient service of process to a corporation on March 19, 2008. Judge Fogel denied the Motion on June 17, 2008. Plaintiff filed a Motion for Default Judgment on May 2, 2008 based on Defendant's purported failure to answer his Complaint. Defendant filed an Opposition to the Motion for Default Judgment on May 13, 2008. Judge Fogel denied the Motion on June 17, 2008. Plaintiff filed a Motion to Compel Defendant to Answer Interrogatories and Sanctions for Failure to Answer Interrogatories on May 8, 2008. Defendant filed an Opposition to this discovery motion on May 16, 2008. A hearing is scheduled before Judge Trumbull on August 19, 2008 at 10:00 a.m.

//

On July 21, 2008, Defendant stated through two voice messages his intent to file "perjury charges" against Wal-Mart Pharmacist Dana Chau based on Defendant's statement of facts in its June 2, 2008 initial Case Management Conference statement. Defendant left Plaintiff a voice message and wrote him a letter indicating such a Motion would be inappropriate.

Defendant expects to file a Motion to Dismiss under FRCP 12(b)(6) in the near future.

## AMENDMENT OF PLEADINGS

Defendant does not anticipate amending the pleadings.

## EVIDENCE PRESERVATION

Defendant instructed the relevant parties to preserve all existing relevant documents and evidence upon notice of Plaintiff's complaint on or around March 5, 2008. On April 22, 2008, filed a reply to Plaintiff's Ex Parte Motion for Preservation of Evidence, declaring its awareness of its duty to preserve evidence that is relevant or reasonably calculated to lead to the discovery of admissible evidence.

## DISCLOSURES

Defendant has timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26 (a)(1) by serving Plaintiff with initial disclosures on June 2, 2008. Plaintiff failed to serve Defendant with initial disclosures.

## DISCOVERY

Defendant has not stipulated to early discovery nor has the court authorized early discovery. Plaintiff claims he served Wal-Mart with Plaintiff's First Set of Interrogatories on March 18, 2008. Wal-Mart has not been served with any discovery requests, including interrogatories. Defendant learned about Plaintiff's interrogatories for the first time upon receipt of his Motion to Compel. Defendant requested Plaintiff provide the service address, but he has failed to do so. Defendant filed an Opposition to this discovery motion on May 16, 2008. A hearing is scheduled before Judge Trumbull on August 19, 2008 at 10:00 a.m.

Defendant expects to conduct written discovery on liability and damages issues. Defendant's anticipated discovery is as follows:

**1. Rule 26(a) disclosures**

Defendant served initial disclosures to Plaintiff on June 2, 2008. Plaintiff has not served Defendant with initial disclosures.

**2. Discovery Subjects**

Defendant will conduct discovery based on the allegations and defenses set forth in the pleadings. Defendant will conduct discovery as to the factual evidence and witnesses Plaintiff contends supports his claims, and the amount and extent of plaintiff's claimed damages.

## CLASS ACTIONS

Not applicable.

## RELATED CASES

Not applicable.

## RELIEF

In his complaint, Plaintiff seeks $200,000 in damages. During a May 16, 2008, meet and confer telephone conversation with Plaintiff, he demanded a settlement award of $30,000 as well as a donation to his organization, Bay Area Christian Charities. Plaintiff has not specified how he has derived at the settlement figure.

## SETTLEMENT AND ADR

Per ADR Local Rule 3-5, Defendant met and conferred with Plaintiff on May 16, 2008. Defendant explained to Plaintiff the court's ADR requirements and asked if he would stipulate to one of the ADR options. Plaintiff informed us he was not willing to stipulate with Wal-Mart to anything at this time. Defendant filed the ADR Certification and Notice for Need for ADR Phone Conference on May 20, 2008.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

On March 21, 2008, Defendant filed a declination to proceed before Magistrate Patricia V. Trumbull.

## OTHER REFERENCES

Not suitable for binding arbitration.

//

## NARROWING OF ISSUES

Defendant has not yet discussed narrowing of issues since Plaintiff is not willing to speak to Defendant on any procedural or factual issues of the case, except regarding his settlement demand.

## EXPEDITED SCHEDULE

Not applicable.

## SCHEDULING

Defendant requests the following pre-trial and trial dates:

| | |
|---|---|
| Last day to complete non-expert discovery: | November 26, 2008 |
| Expert Disclosure: | December 3, 2008 |
| Supplemental Expert Disclosure: | December 17, 2008 |
| Last day to complete Expert Discovery: | December 31, 2008 |
| Last day for hearing on non-dispositive motions: | January 14, 2008 |
| Last day for hearing on dispositive motions: | February 12, 2008 |
| Pre-Trial Conference: | March 12, 2009 |
| Trial: | April 2, 2009 |

## TRIAL

Defendant requests a trial by jury and expect that trial will last two to three days.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Not at this time.

Respectfully submitted,

Dated: August 11, 2008               PHILLIPS, SPALLAS & ANGSTADT LLP

_____
Gregory L. Spallas
Shivani Sutaria
Attorneys for Defendant
WAL-MART STORES INC.

# PROOF OF SERVICE BY MAIL

## Cleophas White v. Wal-Mart Stores, Inc.

### Court Case No.: 5:08-cv-00843-JF

I, the undersigned, declare:

That I am employed in the City and County of San Francisco, State of California; that I am over the age of eighteen years and not a party to the within cause; that my business address is 650 California Street, Tenth Floor, San Francisco, California 94108.

That on August 11, 2008, I served the within:

1) **DEFENDANT WAL-MART STORES, INC.'S SEPARATE CASE MANAGEMENT STATEMENT**

on the parties listed in said cause by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the outgoing mail box located in my office addressed as set forth below in accordance with ordinary business practices for deposit with the United State Postal Service in San Francisco, California. I am readily familiar with my office business practice for collection and processing of correspondence for mailing and the within correspondence will be deposited with the United States Postal Service this date in the ordinary course of business.

Cleophas White
1400 "A" Street #51
Sacramento, CA 95811
T: (916) 856-4360

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 11, 2008, at San Francisco, California.

Joseph Clark